```
FILED ____  ____ LODGED
RECEIVED ____  ____ COPY

AUG 2 8 2025

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY VSB _____ DEPUTY
```

TIMOTHY COURCHAINE
United States Attorney
District of Arizona
DENISE ANN FAULK
Assistant United States Attorney
Arizona State Bar No. 12700
Email: denise.faulk@usdoj.gov
SARAH S. LETZKUS
Assistant United States Attorney
Arizona State Bar No. 027314
Email: sarah.letzkus@usdoj.gov
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: (520) 620-7300
*Attorneys for Defendants/Respondents*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, | CV-25-00468-TUC-RM (MAA) |
| Plaintiff/Petitioner, | **MOTION TO SEAL** |
| v. | |
| Pam Bondi, et al., | |
| Defendants/Respondents. | |

Pursuant to LRCiv. 5.6, Defendants/Respondents Pam Bondi, in her official capacity as Attorney General of the United States, Gadyaces S. Serralta, in his official capacity as Director of the United States Marshals Service, Kristi Noem, in her official capacity as Secretary of Homeland Security, Van Bayless, in his official capacity as United States Acting Marshal for the District of Arizona, and Timothy Courchaine, in his official capacity as United States Attorney for the District of Arizona, ("Respondents"), specially appear[1] in this case to move this Court to seal certain

---

[1] Petitioner has not yet effected service of the Petition on Respondents. As such Respondents are specially appearing for the limited purpose of requesting that the Court seal certain exhibits to the Petition. Additionally, Respondents do not concede that they

**THIS DOCUMENT HAS NOT BEEN SUBMITTED ELECTRONICALLY AS REQUIRED BY THE DISTRICT OF ARIZONA'S ADMINISTRATIVE POLICIES AND PROCEDURES MANUAL**

Exhibits to Petitioner's *Application for Writ of Habeas Corpus ad Prosequendum and Complaint and Motion for Preliminary Injunction* (the "Petition") pending final resolution of criminal proceedings brought by the United States against non-party Julio Aguirre ("Aguirre").[2] Specifically, Respondents seek to temporarily seal Exhibit 1 (Doc. 1-1) and Exhibit 3 (Doc. 1-3).

   This Motion to Seal is supported by the accompanying Memorandum of Points and Authorities and the entire record in this case.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

   On July 2, 2025, the United States filed a criminal complaint in the United States District Court for the District of Arizona (the "Arizona District Court") against Aguirre. (Doc. 1 at ¶ 26; *see also* Dkt. in *United States of America v. Aguirre*, No. 4:25-CR-03393-RM-MAA (D. Ariz.) ("25-CR-03393") at Doc. 1.) That same day, Aguirre was arrested pursuant to a federal arrest warrant and taken into federal custody where he remains to this day. (Doc. 1 at ¶ 26; *see also* Dkt. 25-CR-03393 at Doc. 4.) Separately, the State of Arizona filed a criminal complaint and warrant against Aguirre in a Pima County court also on July 2, 2025. (Doc. 1 at ¶ 27.)

   The next day, on July 3, 2025, the Arizona District Court issued an order committing Aguirre to the custody of the Attorney General or her designated representative for confinement in a correctional institute pending trial on the federal charges. (*See* Dkt. 25-CR-03393 at Doc. 7.)

   On July 25, 2025, a Pima County grand jury indicted Aguirre on 12 felony counts (the "State indictment"). (*Id.* at ¶ 28.) On July 30, 2025, a federal grand jury indicted Aguirre on five felony counts (the "federal indictment"). (*Id.* at ¶ 29; *see also* Dkt. in 25-CR-03393 at Docs. 13, 15.)

---

are properly named as Respondents in this action and will address the issue in a Return and Answer after service is effected.

[2] Criminal proceedings against Aguirre are currently pending in the District of Arizona case *United States of America v. Aguirre*, No. 4:25-CR-03393-RM-MAA.

On August 22, 2025, Aguirre entered a plea of not guilty to all pending counts in the Arizona District Court. (*See* Aug. 22, 2025, Minute Entry, Dkt. 25-CR-03393.) The Arizona District Court set a September 30, 2025, date for the trial on the federal charges. (*Id.*)

In July of 2025, Pima County prosecutors requested that the United States transfer custody of Aguirre to the State of Arizona for parallel proceedings on the State indictment. (*See* Doc. 1-4 at 7-8.) The United States Attorney's Office ("USAO") considered the request but ultimately declined to do so. Federal prosecutors explained that, given the nature and seriousness of the criminal cases against Aguirre, parallel prosecutions involving charges arising out of the same conduct would be "fraught with pitfalls that could impact the integrity" of both cases. Therefore, the interests of justice would be better served by completing the federal prosecution of Aguirre before transferring him to the State of Arizona for proceedings on the State indictment. (*Id.* at 2.)

On August 15, 2025, Petitioner State of Arizona ("Petitioner") initiated the present action by filing a Petition for a writ of habeas corpus ad prosequendum in this Court seeking an order compelling the United States, over its objection, to produce Aguirre and make him available for proceedings under the State indictment. (Doc. 1, at 14.) Importantly, Petitioner cites no valid jurisdictional basis for its request.[3] Section 2241 is not designed to send federal detainees to state court for prosecution. "[W]rits of habeas corpus ad prosequendum are issued directly by a court of the jurisdiction where an indictment, information, or complaint has been lodged against the prisoner." *Stewart v. Bailey*, 7 F.3d 384, 389 (4th Cir. 1993). The writ "is a court order requesting the prisoner's appearance to answer charges in the *summoning* jurisdiction" and is not used to send a prisoner to a different jurisdiction for prosecution, as Petitioner seeks to do here. *Id.* (emphasis added); *see also Lawrence v. Willingham*, 373 F.2d 731, 732 (10th

---

[3] As noted above, Respondents have not been served with the Petition. Respondents will fully set forth their defenses, once served, in their Return and Answer.

Cir. 1967) ("If a writ of habeas corpus ad prosequendum is to be used to bring Lawrence to trial in a Texas state court, the writ must issue from that [state] court."); *Huston v. State of Kan.*, 390 F.2d 156, 157 (10th Cir. 1968) ("In order for the writ of habeas corpus ad prosequendum to be used to bring appellant to trial in a Kansas state court, the writ must issue from that [state] court.").

Petitioner publicly filed several exhibits along with the Petition. Exhibit 1 appears to be a copy of the entire investigatory file for the criminal case against Aguirre, which includes sensitive law enforcement materials such as police reports documenting interviews with witnesses and victims, crime scene unit notes, search warrant materials, ATF firearms tracing material, police radio logs, and other investigatory material. (Doc. 1-1.) Exhibit 2 is a copy of the criminal complaint against Aguirre filed by the United States in this Court. (Doc. 1-2.) Exhibit 3 is an unredacted copy of the State indictment which identifies several alleged victims by name. (Doc. 1-3.) Exhibit 4 is a copy of a string of email exchanges between federal prosecutors and Pima County prosecutors related to Aguirre. (Doc. 1-4.) And Exhibit 5 is a copy of the publicly filed, redacted federal indictment. (Doc. 1-5.)

Following the filing of the instant Petition, Aguirre's court-appointed counsel in the federal criminal case contacted the USAO to express their concern that the publicly filed Exhibits may impact the integrity of the criminal proceedings against their client. For this reason and those explained further below, Respondents seek an order temporarily sealing Exhibits 1 and 3 pending the outcome of Aguirre's federal criminal trial and any appeals thereof because they contain sensitive law enforcement material and other private information that Petitioner should not have released to the public and that should be shielded from public access during Aguirre's federal criminal prosecution.

## II.   LEGAL STANDARDS FOR SEALING JUDICIAL RECORDS

Courts recognize that there is a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally

kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citations and internal quotation marks omitted).

However, when a party seeks to seal a non-dispositive motion and/or attachments thereto, the party may meet its burden to rebut that presumption by showing that "good cause" as provided in Federal Rule of Civil Procedure 26(c) warrants maintaining the secrecy of the records. *Id.* at 1180. In that case, the party must merely make a particularized showing that "'good cause' exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).

The Ninth Circuit has explained that the public interest in accessing nondispositive motions and documents attached thereto is not as strong because they "are often unrelated, or only tangentially related, to the underlying cause of action." *Kamakana*, 447 F.3d. at 1179 (citations and quotation marks omitted). Therefore, the good cause standard applies unless the judicial records a party seeks to seal are "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

The public interest in accessing judicial records is reduced where—as here— the content to be sealed is irrelevant to the Court's decision. *Network Appliance v. Sun Microsysts. Inc.*, No. C–07–06053 EDL, 2010 WL 841274, at *2 (N.D. Cal. Mar. 10, 2010). Therefore, the Court may seal material that is only tangentially relevant to the ultimate resolution of the case if a party shows there is "good cause" to do so. *See, e.g., id.* (applying the "good cause" standard in sealing certain documents because "they had no bearing on the resolution of the dispute on the merits and [were] therefore more akin to the 'unrelated,' non-dispositive motion documents the Ninth Circuit contemplated in *Kamakana*"); *G&C Auto Body Inc v. Geico Gen. Ins. Co.*, No. C06-04898 MJJ, 2008 WL 687372, at *2 (N.D. Cal. Mar. 11, 2008) (finding "good cause" to seal financial information included in party's experts' declarations noting that "extraneous material

attached to a dispositive motion ... should not be considered a judicial document subject to the heightened 'compelling reasons' standard") (citing *McConnell v. Federal Election Comm'n*, 251 F.Supp.2d 919, 932 (D.D.C. 2003) ( "[W]hat makes a document a judicial record and subjects it to the common law right of access is the role it plays in the adjudicatory process."); *United States v. Snyder*, 187 F.Supp.2d 52, 62-63 (N.D.N.Y. 2002) ("the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access ... [T]he item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document.")); *Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ, 2007 WL 3232267, at *3-4 (N.D. Cal. Nov. 1, 2007) (applying the "good cause" standard to seal financial terms of agreement because the summary judgment briefing did not rely on those terms and they were not directly relevant to the merits of the underlying case).

### III.    ARGUMENT

#### A.    The "Good Cause" Standard Applies to Exhibits 1 and 3

The Court should apply the "good cause" standard and temporarily seal Exhibits 1 and 3 to the Petition. As noted above, Petitioner's attempt to use the writ of habeas corpus ad prosequendum to have this Court send Aguirre to a Pima County court for trial on State charges over the United States' objection is improper. Neither Exhibit is necessary for the Court to decide this case on the merits because the Petition asks the Court to do something it simply cannot do. The Exhibits are extraneous to the Petition and are the type of material the Ninth Circuit has said is subject to the "good cause" standard for sealing. *Ctr. for Auto Safety*, 809 F.3d at 1101.

Additionally, Respondents seek to seal Exhibits 1 and 3 on a temporary basis. Respondents request only that these Exhibits be sealed pending the outcome of Aguirre's federal criminal trial and any appeals thereof. This is akin to courts' ordinary practice of allowing parties to file under seal material subject to a protective order but requiring the parties to demonstrate a sufficiently significant interest that will justify continuing to

override the presumption of public access after the conclusion of the case and/or upon receipt of a motion to unseal the material. Sealing Exhibits 1 and 3 temporarily through the conclusion of the federal criminal trial and any appeals alleviates the concerns of the Ninth Circuit in *Kamakana* in that the public will ultimately have access the material.

### B.  Exhibit 1 Should Be Sealed

There is good cause to seal Exhibit 1 to the Petition. Exhibit 1 appears to be the entire investigative file for the criminal case against Aguirre. It includes police reports and radio logs that contain statements and other information the admissibility of which parties ordinarily litigate, although there has been no opportunity to do so at this early stage of the federal prosecution.[4] The investigative file also contains law enforcement sensitive information, such as ATF firearms tracing material and NESS records that are not disseminated to the public.

Petitioner selectively redacted some, but not all, personally identifiable information of third parties in the investigatory file. For example, the investigatory file reveals full dates of birth of individuals who are not parties to this case in violation of Rule 5.2 of the Federal Rules of Civil Procedure. Moreover, the ATF firearms tracing material reveals sensitive information about other potentially criminal incidents, including the names of the alleged victims and perpetrator, which Petitioner did not redact before publicly filing the investigatory file on this Court's docket. The public revelation of victims' names violates their rights to dignity and privacy as codified in the Crime Victims' Rights Act ("CVRA"). *See* 18 U.S.C. § 3771(a)(8).

Additionally, the investigative file includes guard duty notes that discuss Aguirre's private medical information. This includes details about comments made by his treating physicians and information about medical treatments he received. The need to protect an individual's medical privacy has been recognized as a "compelling reason" to seal documents. *See, e.g., Moreno v. Adamson*, No. 3:19-CV-0330-MMD-CLB, 2021

---

[4] The investigatory file records are not the type of records freely released to the public and certainly would not be released in their entirety as Petitioner does here.

WL 76722, at *2 (D. Nev. Jan. 7, 2021) (collecting cases). That is because in many circumstances an individual's "interest in keeping his sensitive health information confidential outweighs the public's need for direct access to the medical records." *Id.*

The information in Exhibit 1 is, at best, only tangentially related to this case and it is not necessary or helpful for the Court to decide whether it may issue a writ of prosequendum to compel the United States to transfer Aguirre to stand trial on the State charges, which it plainly cannot do. The records in the investigatory file are of no value, or at best, extremely limited value to the public in understanding the Court's ultimate decision in this case. Any such value is outweighed by the privacy rights of third parties and the need to preserve the integrity of the federal criminal proceedings. Therefore, there is good cause to seal Exhibit 1 pending the resolution of the federal criminal prosecution.

### C. There Is Good Cause to Seal Exhibit 3

Exhibit 3 is an unredacted copy of the State indictment. It contains the full names of multiple alleged victims who are not parties to this case. The names of such alleged victims are not necessary for the public to understand this case or for the Court to decide this case. And, again, publicly revealing their identities violates the CVRA. As such, there is good cause to seal Exhibit 3.[5]

### III. CONCLUSION

For the foregoing reasons, Respondents respectfully request that the Court enter an order directing that the Clerk file Exhibits 1 and 3 to the Petition under seal and maintain them under seal until the final disposition of the federal criminal proceedings.

A proposed order is filed herewith.

//

//

---

[5] Should the Court believe that the public has a legitimate interest in the details of the State indictment for purposes of this case, the Court should order Petitioner to file a copy of the State indictment with the names of the victims redacted to protect their privacy and dignity in conformity with the CVRA.

RESPECTFULLY SUBMITTED this 28th day of August 2025.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

DENISE ANN FAULK
SARAH S. LETZKUS
Assistant United States Attorneys
*Attorneys for Defendants/Respondents*