IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, et al.,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Pam Bondi, et al.,<br><br>　　　　　Respondents. | No. CV-25-00468-TUC-RM (MAA)<br><br>**ORDER** |

On August 15, 2025, Petitioner State of Arizona, acting by and through Pima County Attorney Laura Conover, filed an Application for a Writ of Habeas Corpus Ad Prosequendum and Complaint, seeking a writ and injunctive relief requiring Respondents to produce Julio Cesar Aguirre for state-court criminal proceedings. (Doc. 1.) On August 28, 2025, Respondents specially appeared to move the Court to temporarily seal Exhibits 1 and 3 to the Application pending the resolution of Aguirre's federal criminal trial and any appeals thereof. (Doc. 7.)

Exhibit 1 contains partially redacted police reports and other documents related to the federal and state criminal prosecutions of Aguirre. (Doc. 1-1.) Exhibit 3 is an unredacted copy of the indictment filed against Aguirre in state court. (Doc. 1-3.) The exhibits contain the full names of victims, in violation of the victim's right to be treated with respect for their privacy under the Crime Victims' Rights Act, 18 U.S.C. § 3771(a)(8). Exhibit 1 also contains law enforcement sensitive information, personally identifiable information protected under Rule 5.2 of the Federal Rules of Civil Procedure, and

discussions of Aguirre's confidential medical information.

"Unless a particular court record is one traditionally kept secret," there exists a "strong presumption in favor of [public] access." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks omitted). A party seeking to seal "judicial records attached to dispositive motions" must show that "compelling reasons support secrecy," while a showing of "good cause" supports sealing "records attached to non-dispositive motions." *Id.* at 1180.

Whether the "compelling reasons" or "good cause" standard applies, the Court finds that Exhibits 1 and 3 should be temporarily sealed pending the outcome of Aguirre's federal criminal proceedings, given the law enforcement sensitive information and confidential medical information contained in Exhibit 1, and the personally identifiable information contained in both exhibits. The Court will require Petitioner to publicly file a version of Exhibit 3 that redacts all but the initials of crime victims.

**IT IS ORDERED** that Respondents' Motion to Seal (Doc. 7) is **granted**. The Clerk of Court is directed to **seal** Exhibits 1 and 3 of the Application for a Writ of Habeas Corpus Ad Prosequendum and Complaint (Doc. 1-1 and Doc. 1-3), pending further Order of the Court.

**IT IS FURTHER ORDERED** that within **five (5) days** of the date this Order is filed, Petitioner shall publicly file a **redacted** version of Exhibit 3 to the Application for a Writ of Habeas Corpus Ad Prosequendum and Complaint, as set forth above.

Dated this 29th day of August, 2025.

Honorable Rosemary Márquez
United States District Judge