TIMOTHY COURCHAINE
United States Attorney
District of Arizona
DENISE ANN FAULK
Assistant United States Attorney
Arizona State Bar No. 12700
Email: denise.faulk@usdoj.gov
SARAH S. LETZKUS
Assistant U.S. Attorney
Arizona State Bar No. 027314
Email: sarah.letzkus@usdoj.gov
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: (520) 620-7300
*Attorneys for Respondents*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona,<br><br>  Plaintiff/Petitioner,<br><br>  v.<br><br>Pam Bondi, et al.,<br><br>  Defendants/Respondents. | CV-25-00468-TUC-RM (MAA)<br><br>**RETURN AND ANSWER TO PETITION FOR A WRIT OF HABEAS CORPUS** |

Respondents[1] Van Bayless, United States Acting Marshal for the District of Arizona, and Core Civic Warden, appearing in their official capacities through undersigned counsel, return and answer Petitioner State of Arizona's Application for Writ of Habeas Corpus Ad Prosequendum (Petition) (Doc. 1). Respondents further respectfully request that this Court deny the Petition and dismiss the case because no federal statute or constitutional provision requires – or even authorizes – this Court to

---

[1] Pam Bondi, Gadyaces S. Serralta, Kristi Noem and Timothy Courchaine are not proper parties to a habeas proceeding. The custodian is the only proper respondent to a habeas proceeding. 28 U.S.C. § 2243; *Rumsfeld v. Padilla*, 542 U.S. 426 (2004). Defendant Julio Cesar Aguirre is a pre-trial detainee in the U.S. Marshals' custody. *United States v. Aguirre*, No. 4:25-cr-03393-RM-MAA, Dkt. 7 (D. Ariz.).

transfer its prisoner to state court for state proceedings.  This Return and Answer[2] is supported by the following Memorandum of Points and Authorities.

**Memorandum of Points and Authorities**

**I.     Background**

On June 30, 2025, Aguirre, then illegally in the United States, violated several federal laws, including 18 U.S.C. §§ 922(g)(5)(A), 924(a)(8), 924(c)(1)(A)(iii) and 2119. *See Aguirre*, No. 4:25-cr-03393-RM-MAA, Dkt. 1.  The United States charged him with each of the offenses.  *Id.*  He was taken into federal custody on July 2, 2025, and has been in continuous federal custody since.

Petitioner charged Aguirre with state crimes arising out of the same series of events. *State of Arizona v. Aguirre*, No. CR20253497-001 (Ariz. July 25, 2025).  On July 7, 2025, a Pima County prosecutor reached out to federal prosecutors to question when Aguirre would be available for an Initial Appearance (IA) and Preliminary Hearing. (Doc. 1-4 at 10.)  On July 9, 2025, a federal prosecutor initially responded that Aguirre would be made available for an IA but not a Preliminary Hearing because "[i]t is not in our interest to have witnesses in our case testify in parallel proceedings." (*Id.* at 7.)  The federal prosecutor requested that the Pima County prosecutor send a draft of his writ to transfer Aguirre for the state IA for review before finalizing the writ. (*Id.*)

After proceeding to grand jury, the Pima County prosecutor again reached out to federal prosecutors regarding a state writ. (*Id.* at 5.)  He openly acknowledged "Obviously, neither the State court nor I can order USAO to do anything." (*Id.*)  And the next day he queried "any issue with us serving the Marshals today with a writ for Mr. Aguirre for the IA/Arraignment on Friday?" (*Id.*)  The federal prosecutor explained "[t]he marshals usually need about 10 days lead time to writ an individual out.  Thus, a writ for the IA occurring this Friday 8/1 does not give them enough time.  However, I am checking with higher ups about your request to writ him just for the IA/arraignment."

---

[2] Respondents respectfully reserve their right to respond more fully under Fed. R. Civ. P. 12(a)(4), if necessary, after the Court's ruling on the instant pleading.

(*Id.* at 4.) Seeming to recognize the clear limitations imposed by the Supremacy Clause of the United State Constitution, the Pima County prosecutor stated, "[t]he Marshal's will not accept service of a writ without the USAO agreeing to its terms." (*Id.* at 3.)

The federal prosecutors ultimately decided not to allow Aguirre to be summoned by the state court and explained as follows:

> After lengthy internal discussions, we have decided it is not in the interests of justice to turn over Aguirre to the County on a writ for an initial appearance, or for any other parallel proceedings in state court. Consistent with this decision, should the grand jury charge [the defendants in an unrelated case] following additional review and consideration of DOJ policy, we do not expect to seek to writ them over from the County for parallel proceedings in the Federal case. Given the nature and seriousness of both of our cases, including victim impact and potential punishment, we have grave concerns that parallel prosecutions involving charges that arise out of the same conduct would be fraught with pitfalls that could impact the integrity of each of our cases in, potentially, consequential ways, particularly given the material differences in pretrial procedures in state and federal court. Therefore, in order to protect the integrity of the Federal case, as well as any subsequent County prosecution, the interests of justice will best be served by completing the Federal prosecution of Aguirre before he is transferred to the State to answer the County's charges there, and applying the same rationale to [the unrelated defendants] if they are charged federally.

(*Id.* at 2.)

The Pima County prosecutors then brought the instant Petition, asking this Court to issue a writ of habeas corpus ad prosequendum – not to *summon* Aguirre to this Court to face prosecution as such a writ provides – but to send Aguirre to state court.[3] (Doc. 1.)

## II. Legal Discussion

### A. Petitioner is not entitled to a Writ of Habeas Corpus ad Prosequendum.

Express authority for the district court to issue a writ of habeas corpus ad prosequendum is found in 28 U.S.C. § 2241(c)(5), which provides that "[t]he writ of habeas corpus shall not extend to a prisoner unless - ...(5) It is necessary to bring him into court... for trial." "[W]rits of habeas corpus ad prosequendum are issued directly by a court of the jurisdiction where an indictment, information, or complaint has been

---

[3] The Pima County prosecutors separately sought a writ from the Pima County Superior Court, which issued on September 11, 2025. *State of Arizona v. Aguirre*, No. CR20253497-001.

lodged against the prisoner." *Stewart v. Bailey*, 7 F.3d 384, 389 (4th Cir. 1993). The writ "is a court order requesting the prisoner's appearance to answer charges in the *summoning* jurisdiction." *Id.* (Emphasis added.) The summoning court issues the writ to the custodian of the detained individual, just like other writs of habeas corpus. *United States v. Kelly*, 661 F.3d 682, 686 (1st Cir. 2011). The writ allows the issuing court to "obtain temporary custody of the prisoner." *United States v. Mauro*, 436 U.S. 340, 362 (1978). He is "only 'on loan' to the prosecuting jurisdiction." *Stewart*, 7 F.3d at 389; *Kelly*, 661 F.3d at 686; *Flick v. Blevins*, 887 F.2d 778, 781 (7th Cir.1989).

Here, this Court does not need to summon Aguirre for prosecution; he is already in primary federal custody[4] and subject to this Court's jurisdiction.

The few courts that have considered a request to *send* a prisoner, rather than *summon* one, have flatly rejected the idea. *See Lawrence v. Willingham*, 373 F.2d 731, 732 (10th Cir. 1967) ("If a writ of habeas corpus ad prosequendum is to be used to bring Lawrence to trial in a Texas state court, the writ must issue from that court."); *Huston v. State of Kan.*, 390 F.2d 156, 157 (10th Cir. 1968) ("In order for the writ of habeas corpus ad prosequendum to be used to bring appellant to trial in a Kansas state court, the writ must issue from that court.").

Petitioner tacitly recognized that the state court would need to issue a writ of habeas corpus ad prosequendum to summon Aguirre to state court when the Pima County prosecutors repeatedly requested the federal prosecutors to approve its writ attempting to do just that. (Doc. 1-4 at 3-5, 10.) And the Pima County prosecutors acknowledged that the U.S. Marshals will not obey a state court writ without the approval of the United States Attorney's Office. (*Id.* at 3.) This is because "[t]he Supremacy Clause operates in only one direction . . . and the habeas statute is an unqualified authorization for a federal court to insist that a defendant held elsewhere be produced for proceedings in a federal

---

[4] "Normally, the sovereign which first arrests an individual acquires priority of jurisdiction for purposes of trial, sentencing, and incarceration." *United States v. Warren*, 610 F.2d 680, 684-85 (9th Cir.1980).

4

court." *United States v. Pleau*, 680 F.3d 1, 6-7 (1st Cir. 2012). "The sovereign with priority of jurisdiction (also called, 'primary custody') over a defendant may exercise its discretion to relinquish that primary custody to another sovereign, but '[t]his discretionary election is an executive, and not a judicial, function.'" *United States v. Bates*, 713 F. Supp. 3d 1153, 1155-56 (D. Utah 2024), quoting *Warren,* 610 F.2d at 685. Thus, the Attorney General's delegate holds "the power and discretion to practice the comity in such matters between the federal and state courts." *Ponzi v. Fessenden*, 258 U.S. 254, 259-62 (1922). His decision to waive the federal government's "strict right to exclusive custody" of a defendant so that a state also may try him "is a matter that addresses itself solely to the discretion of the sovereignty making it and of its representatives with power to grant it." *Id.*

The United States Attorney's Office exercised its discretion not to waive the federal government's right to exclusive custody of Aguirre. Petitioner cannot overcome the Supremacy Clause merely by applying for a writ of habeas corpus ad prosequendum requesting the Court to send its pre-trial detainee to state court.

**B.     Petitioner improperly includes extraneous requests in its Petition.**

Petitioner includes "Complaint and Application for Preliminary Injunction" in the title of its Petition. (Doc. 1.) It asserts the Court has subject matter jurisdiction "pursuant to 28 U.S.C. §§ 1331 because this action arises under the laws of the United States and the United States Constitution." (*Id.* at 3.) However, it fails to cite to the Constitution or to any laws other than 18 U.S.C. § 3771(a) (the Crime Victims' Rights Act (CVRA)), the Judiciary Act of 1789, and 28 U.S.C. § 2241(a). (Doc. 1 at 14.) Only the third is relevant here. First, the CVRA provides

> Nothing in this chapter shall be construed to authorize a cause of action for damages or to create, to enlarge, or to imply any duty or obligation to any victim or other person for the breach of which the United States or any of its officers or employees could be held liable in damages. Nothing in this chapter shall be construed to impair the prosecutorial discretion of the Attorney General or any officer under his direction.

18 U.S.C. § 3771(d)(6). Second, the Judiciary Act of 1789 gives federal courts

jurisdiction over suits in equity but "is not freewheeling." *Trump v. CASA, Inc.,* 145 S. Ct. 2540, 2551 (2025). It "encompasses only those sorts of equitable remedies 'traditionally accorded by courts of equity' at our country's inception." *Id.* Petitioner has not alleged that its requested relief "was available in the High Court of Chancery in England at the time of the founding." *Id.* Nor could it. And third, 28 U.S.C. § 2241(a) merely authorizes a writ of habeas corpus. Thus, Petitioner has not identified any constitutional or statutory basis for relief, other than a writ of habeas corpus, which is inappropriate here, as discussed above.

The Petition also purports to include an application for a preliminary injunction. (Doc. 1.) The purported application does not include a single reference to the controlling legal standard under *Winter v. Natural Res. Def. Council, Inc.*, which requires a party seeking a preliminary injunction to show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." 555 U.S. 7, 20 (2008). Moreover, these factors do not favor entry of an injunction here.

First, Petitioner cannot show a likelihood of success on the merits given that the Petition does not identify a claim for relief nor a statutory or constitutional basis for a claim. (*See* Doc. 1, generally.) Second, Petitioner's purported irreparable injury based on the State victims not being federal victims is a red herring; each of the State victims is a federal victim directly or proximately harmed by the defendant's conduct in this case under the CVRA. 18 U.S.C. § 3771. *See also* 18 U.S.C. § 3663A. As such, the Court can consider the conduct as to each victim as aggravating evidence at sentencing. 18 U.S.C. § 3553(a)(1); U.S.S.G. § 1B1.3 (Relevant Conduct (Factors that Determine the Guideline Range)). Finally, when a plaintiff challenges a government policy, the third and fourth elements of the test for preliminary relief "merge" into a single consideration of the "public interest" *Nken v. Holder*, 556 U.S. 418, 435 (2009), which also favors the federal government here. Petitioner's requested injunctive relief "invokes fundamental separation of powers issues between the federal judicial and executive branches and

between the federal and state executive branches." *Bates*, 713 F. Supp. 3d at 1155. It would be contrary to the public interest because it would upset the "inviolable rules of comity." *Zerbst v. McPike*, 97 F.2d 253, 254 (5th Cir. 1938). Additionally, the Ninth circuit has acknowledged that "when the state's charges factually overlap with the federal charges" trying the defendant concurrently may "present administrative hurdles and safety concerns." *United States v. Myers*, 930 F.3d 1113, 1121 (9th Cir. 2019).

In short, Petitioner has not shown that the Court has jurisdiction over anything other than a petition for a writ of habeas ad prosequendum, to which Petitioner is not entitled.

### III. Conclusion

For the foregoing reasons, Respondents respectfully request this Court deny the writ and dismiss this case.

RESPECTFULLY SUBMITTED: September 15, 2025.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/ Denise Ann Faulk*
DENISE ANN FAULK
SARAH S. LETZKUS
Assistant U.S. Attorneys
*Attorneys for Respondents*

/ Return & Answer.v3

7