1
2
3
4
5
6

# IN THE UNITED STATES DISTRICT COURT

7

## FOR THE DISTRICT OF ARIZONA

8

9   State of Arizona, et al.,                      No. CV-25-00468-TUC-RM (MAA)

10                     Petitioner,                 **ORDER**

11   v.

12   Pam Bondi, et al.,

13                     Respondents.

14

15         Pending before the Court is Respondents' Motion for Reconsideration, which asks

16   the Court to reconsider its September 19, 2025 Order setting a hearing on Petitioner's

17   Application for Writ of Habeas Corpus Ad Prosequendum.  (Doc. 22.)  Respondents argue

18   that the Court should vacate the hearing set for September 29, 2025, "because it violates

19   separation of powers and comity principles; Petitioner has failed to identify a legal basis

20   for the relief it seeks; Petitioner has not identified a disputed issue of material fact to be

21   heard; and the hearing threatens privilege protections."  (*Id.* at 1.)  Respondents further

22   argue that "none of the facts or legal authority presented" in the Motion for Reconsideration

23   could have been presented before the Court's September 19, 2025 Order.  (*Id.* at 4.)

24         "The Court will ordinarily deny a motion for reconsideration of an Order absent a

25   showing of manifest error or a showing of new facts or legal authority that could not have

26   been brought to its attention earlier with reasonable diligence."  LRCiv 7.2(g)(1).  Most of

27   the facts and legal authority discussed in Respondents' Motion for Reconsideration could

28   have been raised earlier in Respondents' Response to Petitioner's Application for Writ of

Habeas Corpus Ad Prosequendum.  Indeed, many of the arguments in the Motion for Reconsideration simply repeat arguments made in the Response.

Furthermore, Respondents have not shown that the Court manifestly erred in setting a hearing on Petitioner's Application for Writ of Habeas Corpus Ad Prosequendum.  To support their argument that a hearing is unnecessary, Respondents rely on cases addressing evidentiary hearings in habeas petitions filed under 28 U.S.C. § 2254— which unlike the above-captioned matter are governed by the strict provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  (*See* Doc. 22 at 10.)  One of the cases cited by Respondents, *Schriro v. Landrigan*, supports the position that in habeas cases not subject to AEDPA, "the decision to grant an evidentiary hearing" is "left to the sound discretion of district courts."  550 U.S. 465, 473 (2007).  Respondents also cite to cases discussing when an evidentiary hearing is *required*, as opposed to permissible.  (*See* Doc. 22 at 10.)  Even if Respondents are correct that a district court may permissibly set an evidentiary hearing on an Application for Writ of Habeas Corpus Ad Prosequendum only if there are disputed issues of material fact, such disputes exist here.  There are questions of material fact relevant to whether the State of Arizona acquired primary jurisdiction over Julio Cesar Aguirre by arresting him first, whether the State ceded primary jurisdiction, and whether failing to produce Aguirre for state-court criminal proceedings risks the loss of critical witness testimony.

Respondents' argument concerning the scope of this Court's authority under 28 U.S.C. § 2241 is at odds with precedent from both the Supreme Court and the Ninth Circuit Court of Appeals.  A federal court may issue a writ of habeas corpus under 28 U.S.C. § 2241(c)(5) if "[it] is necessary to bring [a prisoner] into court to testify or for trial."  The statute is written broadly and does not explicitly limit a district court's authority in the manner suggested by Respondents.  The Supreme Court has found that, "in the case of a prospective witness currently in federal custody, 28 U.S.C. § 2241(c)(5) gives federal courts the power to issue writs of habeas corpus ad testificandum at the request of state prosecutorial authorities."  *Barber v. Page*, 390 U.S. 719, 724 (1968).    Given that §

2241(c)(5) does not distinguish between writs of habeas corpus ad testificandum and writs of habeas corpus ad prosequendum, *Barber* indicates that federal courts have the power to issue writs of habeas corpus ad prosequendum at the request of state prosecutorial authorities to temporarily transfer federal prisoners for state-court prosecutions. The Ninth Circuit has explicitly so concluded, finding that 28 U.S.C. § 2241(c)(5) "allows the transfer of federal prisoners to face state charges." *United States v. Hooker*, 607 F.2d 286, 288-89 (9th Cir. 1979); *see also Morgan v. United States*, 380 F.2d 686, 699 (9th Cir. 1967) (a writ of habeas corpus ad prosequendum under § 2241(c)(5) "is proper to bring a prisoner *under incarceration by state or federal court* to trial for alleged violations of laws" (emphasis added)).

Because Respondents have failed to show manifest error in the Court's decision to set a hearing in this matter, the Court will deny the Motion for Reconsideration. Respondents may raise any issues concerning privilege at the September 29, 2025 hearing.

**IT IS ORDERED** that the Motion for Reconsideration (Doc. 22) is **denied**. The hearing set for September 29, 2025, at 1:30 p.m., is **affirmed**.

Dated this 26th day of September, 2025.

Honorable Rosemary Márquez
United States District Judge

- 3 -