**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, et al., | No. CV-25-00468-TUC-RM (MAA) |
| Petitioner, | **ORDER** |
| v. | |
| Pam Bondi, et al., | |
| Respondents. | |

On August 15, 2025, the State of Arizona, by and through Pima County Attorney Laura Conover ("the State"), filed an Application for Writ of Habeas Corpus Ad Prosequendum and a Complaint seeking injunctive relief (the "Application"), asking the Court to require the United States to produce Julio Cesar Aguirre ("Aguirre")—who is presently being held in federal custody—for state-court criminal proceedings. (Doc. 1.) Respondents argue that the Application should be denied because no federal statute or constitutional provision authorizes this Court to transfer a federal prisoner to state court for state proceedings. (Doc. 16.) The Court held a hearing on September 29, 2025, and took the matter under advisement. (Doc. 25.)

**I.  Background**

On June 30, 2025, Aguirre allegedly committed numerous state and federal crimes. (Doc. 1 at 2, 5-7 ¶¶ 1, 15-25; Doc. 16 at 2.)[1] Police officers arrested Aguirre and took him to a hospital for treatment of injuries. (Doc. 1 at 7 ¶ 25.) On July 2, 2025, both the State

---

[1] All record citations herein refer to the page numbers generated by the Court's electronic filing system and, unless otherwise noted, to the docket in the above-captioned case.

and the United States of America filed criminal complaints against Aguirre, and he was taken into federal custody. (Doc. 1 at 7 ¶¶ 26-27; Doc. 16 at 2.) On July 25, 2025, a Pima County, Arizona grand jury indicted Aguirre on 12 felony counts, including first-degree murder, in the Pima County Superior Court case, *State of Arizona v. Aguirre*, No. CR20253497-001. (Doc. 1 at 8 ¶ 28; Doc. 16 at 2.) On July 30, 2025, a federal grand jury indicted Aguirre on 5 felony counts in the District of Arizona case, *United States v. Aguirre*, No. 4:25-cr-03393-RM-MMA. (Doc. 1 at 8 ¶ 29; Doc. 16 at 2; *see also* Doc. 13 in No. 4:25-cr-03393-RM-MMA (D. Ariz. July 30, 2025).) In the District of Arizona case, Aguirre has been committed to the custody of the Attorney General pending trial. (Doc. 7 in No. 4:25-cr-03393-RM-MMA (D. Ariz. July 3, 2025).)

The State seeks to hold an arraignment and initial appearance in the state criminal proceedings against Aguirre so that it can preserve evidence necessary for its prosecution, including deposing certain victims whose testimony may become unavailable. (Doc. 1 at 2-3, 9-12 ¶¶ 1-2, 33, 39, 44-48.) However, the United States has refused to produce Aguirre for state-court criminal proceedings, citing "the interests of justice" and the protection of "the integrity of the Federal case." (*Id.* at 2, 11 ¶¶ 1, 40-42; Doc. 16 at 3.)

The Pima County Superior Court issued a writ of habeas corpus ad prosequendum on September 11, 2025, commanding the appearance of Aguirre for a state-court arraignment and initial appearance. (Doc. 16 at 3 n.3; Doc. 17 at 2; Doc. 17-1.) When the State presented the writ to the United States Marshals Service, the Marshals Service responded that the United States Attorney's Office objected to the writ and that Aguirre would "remain in federal custody till completion of all court proceedings." (Doc. 17 at 2; Doc. 17-3 at 2; Doc. 31 at 36-37. 58.)

**II.  Discussion**

Respondents argue that a state court, rather than a federal court, must issue a writ of habeas corpus ad prosequendum for purposes of taking a federal prisoner into state custody. (Doc. 16 at 3-4.) Respondents also contend that, if a state court issues such a writ, the United States Attorney's Office has unfettered discretion to order the United States

Marshals Service to refuse to honor the writ. (*Id.* at 4-5.) In other words, Respondents take the position that the State lacks any avenue of effective judicial relief in its quest to secure Aguirre's presence for state-court criminal proceedings.

Respondents' position is particularly notable here, because the evidence presented at the September 29, 2025 hearing shows that Aguirre was first arrested by Tucson Police Department officers and was in the custody of the State at the time he was taken into federal custody. (Doc. 31 at 6-18, 40-41, 44-48.) Traditionally, "the sovereign which first arrests an individual acquires priority of jurisdiction for purposes of trial, sentencing, and incarceration." *United States v. Warren*, 610 F.2d 680, 684-85 (1980). But according to Respondents, federal officers can simply take physical possession of an individual being held in State custody, and the United States Attorney's Office can then unilaterally determine that it has priority of jurisdiction, refuse to produce the individual even temporarily for state-court proceedings, and refuse to provide any explanation or justification for its conduct, with State prosecutorial authorities, the State judiciary, and the federal judiciary all entirely powerless to intervene.

Respondents' argument concerning the scope of this Court's authority under 28 U.S.C. § 2241 is contrary to precedent from both the Supreme Court and the Ninth Circuit Court of Appeals.[2] A federal court may issue a writ of habeas corpus under 28 U.S.C. § 2241(c)(5) if "[it] is necessary to bring [a prisoner] into court to testify or for trial." The statute is written broadly and does not contain the limitation espoused by Respondents. The Supreme Court has found that, "in the case of a prospective witness currently in federal custody, 28 U.S.C. § 2241(c)(5) gives federal courts the power to issue writs of habeas corpus ad testificandum at the request of state prosecutorial authorities." *Barber v. Page*, 390 U.S. 719, 724 (1968). Given that § 2241(c)(5) does not distinguish between writs of habeas corpus ad testificandum and writs of habeas corpus ad prosequendum, *Barber*

---

[2] The State does not ask this Court to rule that it has priority of jurisdiction over Aguirre. Furthermore, the Court need not address the State's request for a preliminary injunction, nor the propriety of Respondents' refusal to honor the state court's writ of habeas corpus ad prosequendum. The Court addresses herein only the propriety of issuing a writ of habeas corpus ad prosequendum under 28 U.S.C. § 2241(c)(5).

indicates that federal courts have the power to issue writs of habeas corpus ad prosequendum at the request of state prosecutorial authorities to temporarily transfer federal prisoners for state-court prosecutions. The Ninth Circuit has explicitly so concluded, finding that 28 U.S.C. § 2241(c)(5) "allows the transfer of federal prisoners to face state charges." *United States v. Hooker*, 607 F.2d 286, 288-89 (9th Cir. 1979); *see also Morgan v. United States*, 380 F.2d 686, 699 (9th Cir. 1967) (a writ of habeas corpus ad prosequendum under § 2241(c)(5) "is proper to bring a prisoner *under incarceration by state or federal court* to trial for alleged violations of laws" (emphasis added)).

Respondents provide no cogent argument as to why this Court should disregard this clear language from the Supreme Court and the Ninth Circuit Court of Appeals. Respondents rely on two per curiam cases from the Tenth Circuit that note that a writ of habeas corpus ad prosequendum to bring a federal prisoner to trial in state court should issue from the state court based on "[t]he traditional use of the writ . . . to bring a defendant in the custody of another sovereign to trial before the court issuing the writ." *Lawrence v. Willingham*, 373 F.2d 731, 732 (10th Cir. 1967) (per curiam); *see also Huston v. State of Kan.*, 390 F.2d 156, 157 (10th Cir. 1968) (per curiam) (same). These cases are not precedential and the Court declines to follow them, as they conflict with the Supreme Court and Ninth Circuit authority cited above.

Respondents also cite a case addressing whether an appearance procured via a writ of habeas corpus ad prosequendum constitutes an arrest or summons for purposes of the Speedy Trial Act, *see United States v. Kelly*, 661 F.3d 682, 686-87 (1st Cir. 2011), as well as several cases that distinguish writs of habeas corpus ad prosequendum from detainers for purposes of the Interstate Agreement on Detainers, *see United States v. Mauro*, 436 U.S. 340, 361 (1978); *Flick v. Blevins*, 887 F.2d 778, 781 (7th Cir. 1989); *Stewart v. Bailey*, 7 F.3d 384, 389 (4th Cir. 1993). None of those cases squarely address the issue before this Court. *Stewart* notes that writs of habeas corpus ad prosequendum "are issued directly by a court of the jurisdiction where an indictment, information, or complaint has been lodged against the prisoner," but it does so only to contrast such writs with detainers, which are

filed by prosecutors rather than issued by courts. *See Stewart*, 7 F.3d at 389. Respondents' reliance on *Flick* is particularly misplaced, because the Seventh Circuit notes in that case that a writ of habeas corpus ad prosequendum issued by a federal district judge under § 2241(c)(5) enables "any jurisdiction, whether federal or state," to "take temporary custody of a prisoner confined within another jurisdiction" for purposes of prosecution. *Flick*, 887 F.2d at 781 & 781 n.5.

Given the Supreme Court and Ninth Circuit caselaw discussed above, the Court finds that it has authority under 28 U.S.C. § 2241(c)(5) to issue a writ of habeas corpus ad prosequendum requiring the Attorney General[3] to produce Aguirre for an arraignment and initial appearance in state court. The State has raised serious concerns regarding the need to preserve witness testimony for its prosecution of Aguirre. At the hearing held on September 29, 2025, the State presented testimony by Joshua Moser, the Chief Criminal Deputy at the Pima County Attorney's Office, regarding the loss of critical witness testimony that could occur if the State's prosecution must be delayed until completion of the federal criminal proceedings. (Doc. 31 at 21-23.) The State also presented an affidavit by victim representative E.Q., averring that two of the victims in the state-court prosecution are elderly, with health issues and concerns about fading memories. The State's inability to preserve the testimony of these victims would significantly impact the State's prosecution of Aguirre.

In contrast, Respondents have entirely failed to establish why temporarily producing Aguirre for state-court criminal proceedings would impact the integrity of the federal case against him. At the hearing on September 29, 2025, Respondents' counsel categorically refused to provide the Court with any evidence showing that the federal prosecution of Aguirre would be adversely affected by the temporary production of Aguirre for state-court proceedings. (Doc. 31 at 51-53, 59-60.)

Given the serious concerns raised by the State, and given Respondents' refusal to offer any justification for not temporarily producing Aguirre for state-court proceedings,

---

[3] A writ of habeas corpus ad prosequendum "is issued to the custodian of the detained individual." *Kelly*, 661 F.3d at 686.

the Court finds that issuance of a writ of habeas corpus ad prosequendum under 28 U.S.C. § 2241(c)(5) is appropriate. The Court will issue a writ commanding the Attorney General, by and through the United States Marshals Service, to produce Aguirre for an initial appearance and arraignment in state court and to coordinate with the Pima County Attorney's Office to produce Aguirre for witness depositions.

**IT IS ORDERED** that the Application for a Writ of Habeas Corpus Ad Prosequendum (Doc. 1) is **granted**. The Clerk of Court is directed to issue a writ of habeas corpus ad prosequendum under 28 U.S.C. § 2241(c)(5) directing the Attorney General, by and through the United States Marshals Service, to transport Julio Cesar Aguirre—who is in federal custody pending the resolution of criminal charges in District of Arizona case number 4:25-cr-03393-RM-MAA—to be produced for (1) an Arraignment and Initial Appearance in the Superior Court of the State of Arizona, in and for the County of Pima, case number CR20253494-001; and (2) witness depositions in Pima County Superior Court case number CR20253494-001. The United States Marshals Service may produce Aguirre electronically via video-teleconference technology for the Arraignment and Initial Appearance, in cooperation with the Pima County Attorney's Office. The United States Marshals Service may produce Aguirre for witness depositions at the Evo A. DeConcini U.S. Courthouse, in cooperation with the Pima County Attorney's office. If Julio Aguirre is temporarily removed from federal custody for purposes of the state-court appearances, he shall promptly be returned to federal custody upon completion of the state-court appearances.

Dated this 1st day of October, 2025.

Honorable Rosemary Márquez
United States District Judge