**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, et al., | No. CV-25-00468-TUC-RM (MAA) |
| Petitioner, | **ORDER** |
| v. | |
| Pam Bondi, et al., | |
| Respondents. | |

On October 2, 2025, the Court granted Petitioner's Application for a Writ of Habeas Corpus Ad Prosequendum and directed the Clerk of Court to issue a writ pursuant to 28 U.S.C. § 2241(c)(5) requiring the Attorney General, by and through the United States Marshals Service, to produce Julio Cesar Aguirre for an Arraignment and Initial Appearance, as well as witness depositions, in Pima County Superior Court case number CR20253494-001.  (Doc. 32.)  Currently pending before the Court is Respondents' Motion to Stay Order, in which Respondents ask the Court to stay its October 2, 2025 Order until the Department of Justice determines whether to file an appeal.  (Doc. 34.)  Petitioner opposes the Motion.  (Doc. 36.)  For the following reasons, the Motion to Stay will be denied.

## I. Legal Standard

A stay is "an exercise of judicial discretion," the propriety of which "is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009). In determining whether to grant a stay, the Court considers four factors: (1) whether the

stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 434.

**II.    Discussion**

Respondents argue that they are likely to succeed on the merits because 28 U.S.C. § 2241(c)(5) does not authorize the relief granted in the Court's October 2, 2025 Order. (Doc. 34 at 2-4.)  The Court has already considered and rejected this argument multiple times.  (*See* Docs. 23, 32.)  As this Court has already explained, Respondents' argument is contrary to Supreme Court and Ninth Circuit precedent.  *See Barber v. Page*, 390 U.S. 719, 724 (1968) ("in the case of a prospective witness currently in federal custody, 28 U.S.C. § 2241(c)(5) gives federal courts the power to issue writs of habeas corpus ad testificandum at the request of state prosecutorial authorities"); *United States v. Hooker*, 607 F.2d 286, 288-89 (9th Cir. 1979) (28 U.S.C. § 2241(c)(5) "allows the transfer of federal prisoners to face state charges"); *Morgan v. United States*, 380 F.2d 686, 699 (9th Cir. 1967) (a writ of habeas corpus ad prosequendum under 28 U.S.C. § 2241(c)(5) "is proper to bring a prisoner under incarceration by state or federal court to trial for alleged violations of laws"). Respondents urge the Court to ignore these clear statutory interpretations as "extraneous dicta," but Respondents fail to cite any binding caselaw that limits the Court's authority under § 2241(c)(5) in the manner that Respondents propose.

Respondents further argue that the federal government has priority of jurisdiction—also known as primary custody—over Aguirre, and that the executive branch has sole discretionary authority to decide whether to relinquish primary custody. (*Id.* at 4-7.)  As this Court has previously noted, the State of Arizona first arrested Aguirre, and traditionally "the sovereign which first arrests an individual acquires priority of jurisdiction." *United States v. Warren*, 610 F.2d 680, 684-85 (1980).  Nevertheless, the Court's October 2, 2025 Order did not address the issue of priority of jurisdiction, and the Order does not require Respondents to relinquish primary custody.  Accordingly, it is irrelevant whether the

executive branch has sole discretionary authority to relinquish primary custody. Respondents have failed to establish a likelihood of success on the merits.

The remaining factors also weigh against granting a stay of the Court's October 2, 2025 Order. Because the relief granted in the Court's October 2, 2025 Order is statutorily authorized, Respondents cannot show irreparable injury based on a purported violation of separation of powers principles. (*See* Doc. 34 at 9.) Furthermore, Respondents' concerns regarding the impact of parallel criminal proceedings are speculative, and Respondents have failed to offer any explanation or justification regarding why they refused to specify those concerns until the filing of their Motion to Stay. (*See id.* at 8-9.) Petitioner has established that a stay would harm other interested parties and the public interest. There are victims in the state criminal proceedings against Aguirre who are not victims in the federal proceedings. Those victims are awaiting justice, and two of them are elderly and facing health issues. The well-known saying, "justice delayed is justice denied," applies with special force here, where a delay in the state prosecution risks the loss of victim testimony that is critical to the State's ability to prosecute Aguirre.

Respondents have failed to show that a stay of the Court's October 2, 2025 Order is appropriate, and Respondents' repetition of already rejected arguments is not well taken.

**IT IS ORDERED** that the Motion to Stay Order (Doc. 34) is **denied**.

Dated this 15th day of October, 2025.

_____
Honorable Rosemary Márquez
United States District Judge