**LAURA CONOVER**
**PIMA COUNTY ATTORNEY**
J. William Brammer, Jr, SBN 002079
Deputy County Attorney
william.brammer@pcao.pima.gov
James W. Rappaport, SBN 031699
Deputy County Attorney
james.rappaport@pcao.pima.gov
32 North Stone Avenue
Tucson, Arizona 85701
Telephone: (520) 724-5600
*Attorneys for the State of Arizona*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| The State of Arizona, by and through Pima County Attorney, Laura Conover,<br><br>*Plaintiff/Petitioner*,<br><br>v.<br><br>Pam Bondi, et al.,<br><br>*Defendants/Respondents*. | CV-25-00468-TUC-RM (MAA)<br><br>**NOTICE RE: CONTINUING CASE** |

Plaintiff the State of Arizona, by and through Pima County Attorney, LAURA CONOVER (herein the "State"), respectfully submits the following Notice to the Court in response to the Court's January 6, 2026, Order. (Doc. 42) ("Order"), respectfully requesting the Court to maintain this matter open for at least the next six months.

A copy of the January 6, 2026, email the State sent to Defendants' counsel regarding the Order is attached as **Exhibit 1** hereto. It inquires of Counsel whether Defendants would be amenable to filing with the State a joint Notice requesting the

Court continue this matter open for six months to permit the Parties to determine next steps in their respective prosecutions, and whether the Defendant common to those prosecutions, Julio Cesar Aguirre, would be made available for the State's needs. Defense counsel responded by email the afternoon of January 7, 2026, a copy of that email response is attached as **Exhibit 2**. The State's January 8, 2026, reply containing its response to the Defendants' suggestions is attached as **Exhibit 3**. Attached as **Exhibit 4** is the Defendants' January 8, 2026, answer, suggesting the Parties will need to file separate Notices in response to the Order.

As noted in the State's Second Status Report, (Doc. 41), Julio Cesar Aguirre presently is in the custody of the United States. **Exhibit 1** represents that the State and Defendants have conferred regarding the processing schedules of their respective prosecutions of Aguirre. Attached as **Exhibit 5** is a copy of an email Joshua Moser, the Pima County Attorney's Chief Criminal Deputy, sent to the two Assistant United States Attorneys currently assigned to prosecute Aguirre on his Federal charges. As can be seen from **Exhibit 5**, the anticipated scheduling of the two prosecutions is not congruent.

The State anticipates in late Spring requesting the trial court to schedule Aguirre's trial, after the Pima County Attorney's Homicide Panel convenes and considers any possible variation of the current first-degree murder charge Aguirre now faces. The information it needs to do so is the same quality of information the United States needs to determine what penalties to seek on its charges and then begin its prosecution of Aguirre.

The State cannot know, and has not been told, what position the United States will take when the State requests custody of Aguirre for the pre-trial matters and trial in the State's case at which Aguirre will need to be physically present. Ideally, the

parties can work amicably transferring Aguirre's custody between the State and the United States, but that is not certain.

The Defendants have told the State in **Exhibit 2** that they want to file a joint Notice advising the Court this matter should be closed. That is not the action the State wants the Court to take nor, respectfully, is it one the Court should take.

Defendants suggest in **Exhibit 2 that** "all the State was asking for was that the government produce Aguirre for the initial appearance and arraignment and for the depositions of the three state witnesses." That is nearly accurate as far as it goes. However, as can be seen from paragraph C of the State's Application for Writ of Habeas Corpus Ad Prosequendum and Application for Preliminary Injunction (Doc. 1), on page 15, the State clearly asked for all relief that would ensure Aguirre's in-person presence for all proceedings required for his state prosecution. There the State requested: "A preliminary injunction requiring the United States to produce and make Aguirre available, upon the State's reasonable request, for all court and related proceedings for Arizona's prosecution of him pursuant to the State Indictment, including but not limited to initial appearance, arraignment, witness depositions, evidentiary hearings, and trial." This cannot be misunderstood to limit the State's request to just the initial matters addressed in Moser's testimony at the September 29, 2025, hearing.

The State acknowledges Moser's testimony was limited to the State's near-term needs for Aguirre's presence, as is the Court's October 9, 2025, Order. (Doc. 34) However, this case is and was about much more than that. It was brought to ensure the State has custody of Aguirre whenever his in-person presence is required during his prosecution on the state charges.

As Moser testified, the State and the United States routinely, and without any difficulty, in many previous cases have transferred custody upon request of a

defendant facing concurrent state and federal charges. Unfortunately, as Moser also testified, the United States here obstructed that ordinarily easy transfer. It was not until the Court entered its October 9, 2025, Order in this matter (Doc. 34) that the United States transferred Aguirre's custody to the State so it could begin its prosecution of him for the state crimes with which he had been charged. After that transfer, the State conducted preliminary prosecutorial matters, including discovery, for which Aguirre needed to be present physically. Once those matters were concluded, the State transferred Aguirre's custody back to the United Sates, where he has remained.

None of Defendant's counsel, nor any of their other colleagues in the United States Attorney's office, including those to whom **Exhibit 5** was directed, have told the State that the United States will transfer custody of Aguirre to the State when his in-person presence is needed for his state prosecution. It appears the Defendants have forgotten this action was brought, and requested relief, to have Aguirre present in-person for more than just his arraignment and initial discovery. Closing this case as Defendants appear to believe is required will deprive the State of the only tool available to it to obtain Aguirre's in-person presence in state court.

As **Exhibit 3** suggests, because there is no guarantee Aguirre's custody will be transferred to the State and back to the United States as amicably and easily between the parties as has been accomplished in previous cases as described above, the State requests this matter remain open for at least the next six months, at which time the Parties should provide the Court a report on the status of their respective prosecutions of Aguirre, advising whether they have been able amicably and easily to transfer him between the jurisdictions as requested and required, and whether this case need remain open or should be closed. The State was hopeful the Parties could file a joint Notice to that effect. Unfortunately, that will not occur. See **Exhibit 4**.

Accordingly, It is the State's respectful request of the Court that it permit this matter to remain open until at least July 31, 2026, and order the Parties within 15 days after that date to provide a report to the Court about the status of their respective prosecutions, whether they amicably and easily have been able to transfer custody of Julio Cesar Aguirre between the jurisdictions for their respective prosecutorial purposes, and whether they believe this matter should be closed or remain open thereafter, providing their reasons for either action.

Respectfully submitted January 12, 2026,

LAURA CONOVER
PIMA COUNTY ATTORNEY

By   /s/ *James W. Rappaport*
James W. Rappaport
J. William Brammer, Jr.
*Deputy Pima County Attorneys*

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2026, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the registered CM/ECF users. Copies sent by U.S. Mail to the following:

**Denise Ann Faulk**
**Sarah S. Letzkus**
Assistant United States Attorneys
405 West Congress Street, Suite 4800
Tucson, Arizona 85701
*Counsel for Defendants/Respondents*

*/s/ James W. Rappaport*