IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, et al., | No. CV-25-00468-TUC-RM (MAA) |
| Petitioner, | **ORDER** |
| v. | |
| Pam Bondi, et al., | |
| Respondents. | |

On August 15, 2025, the State of Arizona, by and through Pima County Attorney Laura Conover, filed an Application for a Writ of Habeas Corpus Ad Prosequendum and a Complaint and Application for Preliminary Injunction, requesting the Court order Respondents to produce Julio Cesar Aguirre for state-court criminal proceedings. (Doc. 1.) The Court held a hearing on September 29, 2025 (Doc. 25), and thereafter granted the Application (Doc. 32) and issued a writ of habeas corpus ad prosequendum (Doc. 38), requiring Respondents to produce Aguirre for a state-court arraignment and initial appearance, as well as witness depositions. Petitioner filed Status Reports on December 4 and December 29, 2025, averring that Aguirre appeared for his arraignment and initial appearance, and attended the depositions of three victims, and was then returned to federal custody. (Docs. 40, 41.)

On January 5, 2026, the Court ordered the parties to file a notice as to whether the above-captioned matter should remain open or whether it may be closed. (Doc. 42.) Respondents argue that this matter should be closed, as the Court granted the relief that

Petitioner requested and there is no longer a non-speculative live case or controversy. (Doc. 43.) Petitioner asks the Court to hold this matter open for at least the next six months in case the parties are not able to work amicably to transfer Aguirre's custody between the United States of America and Arizona in furtherance of the respective federal and state prosecutions. (Doc. 44.) Petitioner acknowledges that during the September 29, 2025 hearing, the parties focused on Aguirre's appearance at the state-court arraignment/initial appearance and witness depositions; however, Petitioner argues that this case is "about much more than that" and was brought to ensure that Arizona "has custody of Aguirre whenever his in-person presence is required during his prosecution on the state charges." (*Id.* at 3.)

In its Application, and throughout these proceedings, Petitioner focused its arguments on the need to obtain Aguirre's appearance at his state-court arraignment and initial appearance so that the depositions of certain elderly victim witnesses could be taken, thereby preserving the testimony of those witnesses. (*See* Docs. 1, 17.) The Court granted Petitioner's Application due to "serious concerns regarding the need to preserve witness testimony" for the state prosecution of Aguirre. (Doc. 32 at 5.) The Court acknowledges that Petitioner also requested in its Application that the United States be required "to produce and make Aguirre available, upon the State's reasonable request, for all court and related proceedings for Arizona's prosecution of him pursuant to the State Indictment, including but not limited to initial appearance, arraignment, witness depositions, evidentiary hearings, and trial." (Doc. 1 at 15.) However, it is unknown at this time whether Respondents will cooperate with state prosecutors to produce Aguirre for further state criminal proceedings.

Because it is unknown whether Respondents will cooperatively produce Aguirre for further state criminal proceedings, there is not a sufficiently non-speculative live case or controversy in this matter. Accordingly, the Court will direct the Clerk of Court to enter judgment in favor of Petitioner and close this case. If Respondents refuse to produce Aguirre for future proceedings in the state criminal prosecution, Petitioner may move to

reopen this matter.

**IT IS ORDERED** that the Clerk of Court shall close the above-captioned matter and enter judgment in favor of Petitioner pursuant to the Court's October 1, 2025 Order granting the Application for a Writ of Habeas Corpus Ad Prosequendum (Doc. 32).

Dated this 26th day of January, 2026.

Honorable Rosemary Márquez
United States District Judge